**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lila Thompson, et al., | No. CV-25-00093-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| PACCAR Incorporated, et al., | |
| Defendants. | |

      Willis Jeval Thompson and others died in a car crash involving a Kenworth tractor trailer designed and sold by defendant PACCAR Inc. (Doc. 1 at 3, 8.) Willis's mother, Lila Thompson, filed "this wrongful death [suit] for herself and on behalf of all statutory beneficiaries of [Decedent] Thompson" against PACCAR alleging product liability theories. (Doc. 1 at 2.) The complaint was filed in January 2025, the court issued a scheduling order in May 2025, and the fact discovery period ends in January 2026. (Doc. 1, 27.)

      On October 28, 2025, non-party Lateshia EagleTail filed a "Motion to Intervene and Substitute Personal Representative as Party Plaintiff." (Doc. 71.) EagleTail is Lila Thompson's daughter and Willis's sister. That motion argues EagleTail was appointed "as Personal Representative of the Estate of Willis Jeval Thompson pursuant to A.R.S. § 14-3703(A)." (Doc. 71 at 1-2.) And according to EagleTail, under Arizona's wrongful death statute, A.R.S. § 12-612(A), "only the Personal Representative may bring and maintain a wrongful death action for the benefit of the statutory beneficiaries." (Doc. 71 at 2.)

Therefore, EagleTail requests she be substituted "as the proper Party Plaintiff in place of any unauthorized individuals." (Doc. 71 at 4.) EagleTail also argues she should be allowed to intervene under Fed. R. Civ. P. 24(a)(2). Lila Thompson filed an opposition that argues there is no requirement a wrongful death action be brought by the personal representative. (Doc. 77 at 4.) According to Lila Thompson, EagleTail's motion represents her "simply trying to insert herself into a matter that does not involve her."[1] (Doc. 77 at 5.)

On December 3, 2025, EagleTail filed what appears to be a similar motion to the one she filed in October, although this second motion is more difficult to understand. The December motion is titled "Emergency Motion to Intervene and Substitute Personal Representative as the Sole Lawful Plaintiff, to Vacate Void Filings Based on Fraudulent Standing, and for Formal Recognition of Heirship, Standing, and Personal Representative Authority Under A.R.S. §§ 12-612 & 14-3703." (Doc. 89.) The filing complains again that Lila Thompson is the named plaintiff on behalf of herself and other statutory beneficiaries. (Doc. 89 at 2.) And EagleTail again asserts that under Arizona law, "[t]he Personal Representative must control the wrongful-death action." (Doc. 89 at 2.)

On December 15, 2025, EagleTail filed a third motion requesting, among other things, "federal oversight, tolling, vacatur of void orders, formal recognition of lawful heir and personal representative." (Doc. 102.) That motion appears to present many of the same arguments and seek the same type of relief as her earlier motions but is also premised on Willis's ex-wife having been improperly named as a plaintiff in this case. She is not, and her name appears nowhere in the complaint. (*See* Doc. 1.)

EagleTail's three motions are premised on an incorrect understanding of Arizona law. Arizona law "requires that an action for wrongful death be brought by a designated plaintiff (the decedent's 'surviving husband or wife, child, parent or guardian, or personal representative'), for and on behalf of a statutory beneficiary (the decedent's 'surviving

---

[1] There was a related suit in state court against different defendants than the present suit. (Doc. 77-1 at 9.) The full state court record is not available but it appears Lila Thompson and Tondra Doss were both plaintiffs, Thompson in her capacity as mother of Willis and Doss in her capacity as the mother of Willis's child. (Doc. 77-1 at 9, 13.) EagleTail filed multiple motions in the state proceeding attempting to be substituted as the named plaintiff. The state court denied those requests.

1  husband or wife, children or parents, or if none of these survive, on behalf of the decedent's
2  estate')." *Benedict v. Total Transit Inc.*, 499 P.3d 339, 344–45 (Ariz. Ct. App. 2021). That
3  language means the personal representative of an estate can bring suit but, when statutory
4  beneficiaries are alive, the claim must be brought on behalf of those statutory beneficiaries.
5  *Edonna v. Heckman*, 253 P.3d 627, 631 (Ariz. Ct. App. 2011) ("To be sure, had there been
6  no other surviving statutory beneficiaries, the personal representative of Edward's estate
7  could have brought a wrongful death claim for the estate's benefit."). In other words, a
8  decedent's estate "is not a proper beneficiary" if any statutory beneficiary is alive. *Knauss
9  v. DND Neffson Co.*, 963 P.2d 271, 278–79 (Ariz. Ct. App. 1997); *see also Gonzales v.
10 Arizona Pub. Serv. Co.*, 775 P.2d 1148, 1151 (Ariz. Ct. App. 1989) ("a decedent's estate
11 may bring an action to recover damages only if the decedent is survived by neither spouse
12 nor children").

13 As Willis's mother, Lila Thompson is a proper plaintiff, and she is entitled to bring
14 this suit on behalf of herself and all other beneficiaries. *Wilmot v. Wilmot*, 58 P.3d 507, 511
15 (Ariz. 2002) (beneficiary who files suit is fiduciary for other beneficiaries "both in
16 conducting and settling the action and making distribution of proceeds to each of the other
17 beneficiaries at the conclusion"). And because Lila Thompson and Willis's minor child are
18 alive, Willis's estate is not a proper beneficiary. In these circumstances, EagleTail as
19 personal representative need not be the named plaintiff. And because the estate will not be
20 a proper beneficiary, EagleTail has no cognizable interest such that intervention as of right
21 is merited. *Sweet v. Cardona*, 121 F.4th 32, 48 (9th Cir. 2024) (intervention as of right
22 requires among other things "a significantly protectable interest relating to the subject of
23 the action").

24 /
25 /
26 /
27 /
28 /

Based on Arizona law, EagleTail is not entitled to the relief she seeks and she must not file future motions seeking that relief. Any future motions will be summarily denied.

Accordingly,

**IT IS ORDERED** the Motions to Intervene (Doc. 71, 89, 102) are **DENIED**.

Dated this 18th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 4 -